**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| **LAURA MARIE GERMAK,** | ) |
| **on behalf of herself and all others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **MARRIOTT INTERNATIONAL, INC., HHLP** | ) |
| **MIAMI BEACH ASSOCIATES, LLC, HHLP** | ) |
| **MIAMI BEACH LESSEE, LLC, and 3921** | ) |
| **COLLINS AVENUE LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

Plaintiff Laura Marie Germak, on behalf of herself and all others similarly situated, brings

this complaint against Defendants Marriott International, Inc., HHLP Miami Beach Associates,

LLC, HHLP Miami Beach Lessee, LLC, and 3921 Collins Avenue LLC (collectively,

"Defendants" or "Marriott"), and complains and alleges upon personal knowledge as to herself

and her own acts and experiences, and, as to all other matters, upon information and belief,

including investigation conducted by her attorneys, and says:

**I.      NATURE OF THE CASE**

1.      This is a consumer class action brought on behalf of people who, from four years

prior to filing of this Complaint through and including the date of judgment (the "Class Period"),

purchased food and/or drinks at a restaurant, bar, mini-bar, lounge and/or other public food service

establishment owned, operated, managed, franchised and/or controlled by Defendants in the State

of Florida and were charged an automatic, mandatory gratuity or service charge in violation of

1

Florida Statute 509.214, and/or in violation of the Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1) for the properties in Miami-Dade County, and the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA"). Defendants violated these Florida statutes in a number of ways, including but not limited to: unlawfully including an automatic, mandatory gratuity or service charge of approximately 20% of the charges for food and beverages without providing the statutorily required notice; and/or presenting the notice of an automatic gratuity or service charge in small, hard to read type.

## II.     JURISDICTION AND VENUE.

2.     The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendants' home states, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendants and/or their agents were doing business in Florida; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

4.     The Court has personal jurisdiction over Defendants because the conduct giving rise to Plaintiff's claims occurred in Florida and Defendants conduct business transactions in Florida.

## III.     PARTIES

5.     Plaintiff Laura Germak is a citizen and resident of New York.

6.     Defendant Marriott International, Inc., is a Delaware corporation with its principal place of business in Maryland. Marriott International, Inc., owns, operates, manages, franchises

and/or controls approximately 483 hotel properties in the State of Florida, including the Cadillac Hotel & Beach Club in Miami Beach, Florida.

7.     Defendant HHLP Miami Beach Associates, LLC, is a Delaware limited liability corporation with its principal place of business in Pennsylvania. HHLP Miami Beach Associates, LLC, owns the property located at 3925 Collins Avenue in Miami Beach, Florida, where the Cadillac Hotel & Beach Club is located.

8.     Defendant HHLP Miami Beach Lessee, LLC, is a Delaware limited liability corporation with its principal place of business in Pennsylvania. HHLP Miami Beach Lessee, LLC, operates, manages and/or controls food service establishments in Florida, including the Cadillac Hotel & Beach Club. HHLP Miami Beach Lessee, LLC, maintains a Hotel license in connection with operations of the Cadillac Hotel & Beach Club.

9.     Defendant 3921 Collins Avenue LLC is a Florida limited liability corporation with its principal place of business in Florida. 3921 Collins Avenue LLC owns, operates, manages and/or controls food service establishments in Florida, including the Cadillac Hotel & Beach Club. 3921 Collins Avenue LLC maintains Permanent Food Service licenses in connection with operations of the Cadillac Hotel & Beach Club.

## IV.     FACTUAL ALLEGATIONS

10.     Throughout the Class Period, Defendant Marriott International, Inc. owned, operated, managed, franchised and/or controlled approximately 483 hotel properties in the State of Florida.

11.     Defendant Marriott International, Inc., maintains a portfolio of hotel brands which it either owns, operates, and/or oversees and controls through management and franchise agreements. The Marriott portfolio is grouped into three quality tiers: "Luxury," "Premium," and

"Select." Marriott's luxury brands include JW Marriott, The Ritz-Carlton, St. Regis, W Hotels, The Luxury Collection, Edition and Bulgari. Marriott's premium brands include Marriott Hotels, Sheraton, Delta Hotels, Marriott Executive Apartments, Marriott Vacation Club, Westin, Renaissance, Le Meridien, Autograph Collection, Gaylord Hotels, Tribute Portfolio and Design Hotels. Marriott's select brands include Courtyard, Residence Inn, Fairfield by Marriott, SpringHill Suites, Four Points, TownePlace Suites, Protea Hotels, Aloft, AC Hotels by Marriott, Element and Moxy.

12.     The Cadillac Hotel & Beach Club is part of Marriott's premium Autograph Collection brand.

13.     Upon information and belief, the vast majority of the Marriott hotels in the State of Florida, including the Cadillac Hotel & Beach Club, are public food service establishments, including public food service establishments located on the premises such as restaurants, lounges, bars, grills, etc. Hereinafter, such establishments located at Marriott hotels will be referred to as "restaurants."

14.     Upon information and belief, the vast majority of Marriott branded hotels in Florida also provide food, drinks, and other snacks available for purchase in customers' hotel rooms through the use of room service and mini-bars.

15.     Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included."

16.     FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any

trade or commerce" to be unlawful.

17.     Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1) states:

> Each business shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip . . . This notice shall be posted conspicuously, either on a sign or in a statement on the business's menu or price listing in the same form and manner as the other items on the menu or price listing, and written in a legible manner in English, Spanish and Creole. (Ord. No. 99-163, § 1, 12-7-99) (emphasis added).

18.     Upon information and belief, Defendant Marriott International, Inc., oversees and exerts control over Marriott branded hotels in Florida by setting policies and procedures throughout all Marriott branded hotels in Florida, including the Cadillac Hotel & Beach Club, which includes policies related to conforming restaurant menus at its hotels to the laws of Florida and Miami-Dade County.

19.     Upon information and belief, Defendant Marriott International, Inc., oversees and exerts control over Marriott branded hotels in Florida through franchise and/or management agreements with business entities that own, operate and/or maintain hotel and permanent food service licenses for its branded hotels, including the Cadillac Hotel & Beach Club.

20.     Defendant Marriott International, Inc., receives revenue in the form of management and franchise fees, a portion of which are based on a percentage of the gross food and beverage revenue at its branded hotels. Upon information and belief, these fees include revenue generated by automatic, mandatory service charges and/or gratuities applied to customers' checks in the State of Florida.

21.     Upon information and belief, of the approximately 483 Marriott branded hotels in the State of Florida, 85 are located in Miami-Dade County, including the Cadillac Hotel & Beach Club.

22.     The Cadillac Hotel & Beach Club is located at 3925 Collins Avenue in Miami

Beach, Florida. Miami-Dade County records indicate the property is owned by Defendant HHLP Miami Beach Associates, LLC.

23.     As the owner of the hotel property where the Cadillac Hotel & Beach Club is located, Defendant HHLP Miami Beach Associates, LLC is responsible for complying with menu requirements set forth in Florida state statutes and Miami-Dade County ordinances.

24.     Defendant HHLP Miami Beach Lessee, LLC maintains a Hotel license from the Florida Department of Business and Professional Regulation for hotel operations at the Cadillac Hotel & Beach Club.

25.     As the entity that maintains a hotel license for the Cadillac Hotel & Beach Club, Defendant HHLP Miami Beach Lessee, LLC is responsible for day-to-day management of the hotel and ensuring that hotel operations conform to state laws and county ordinances, including those related to restaurant menus.

26.     Defendant 3921 Collins Avenue LLC maintains licenses from the Florida Department of Business and Professional Regulation for permanent food service at the Cadillac Hotel & Beach Club.

27.     As the entity that maintains permanent food service licenses for the Cadillac Hotel & Beach Club, Defendant 3921 Collins Avenue LLC is responsible for the day-to-day management of the restaurants located at the Cadillac Hotel & Beach Club and ensuring that restaurant operations conform to state laws and county ordinances, including those related to restaurant menus.

A.     <u>**Factual Allegations Regarding Marriott's Deceptive Practices**</u>

28.     Defendants violate Florida law at the restaurants in the hotels they individually, own, operate, manage, franchise and/or control in the State of Florida by failing to provide

6

adequate notice on the restaurant's menu that an automatic, mandatory gratuity or service charge of any amount would be added to customers' checks.

29.     Upon information and belief, Defendant Marriott International, Inc. violates Florida law in numerous restaurants in its hotels in the State of Florida by failing to provide any notice whatsoever on the restaurant's menu that an automatic, mandatory gratuity or service charge of any amount would be added to customers' checks.

30.     Defendants violate Miami-Dade County Ordinances at the restaurants in the hotels they individually, own, operate, manage, franchise and/or control in Miami-Dade County by failing to provide notice on either a sign in the restaurant or on the restaurant's menu, in the same form and manner as the other items on the menu, and written in a legible manner in English, Spanish and Creole.

31.     Defendants violate Florida law at these restaurants through a variety of deceptive practices, including but not limited to:

a.     Failing to provide any notice or otherwise disclose on certain restaurant menus that an automatic gratuity or service charge of any amount would be added to a customer's check;

b.     Failing to provide adequate notice on certain restaurant menus that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is written in small type, often in a difficult to read italicized font;

c.     Failing to provide adequate notice on certain restaurant menus that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is only found on one page of a multi-page menu;

d.     Providing notice on certain restaurant menus suggesting that any gratuity or

service charge added to a customer's check is for the customer's convenience and/or otherwise suggesting that the gratuity or service charge can be raised, lowered or removed from the check, however, when the check arrives, the automatically applied gratuity or service charge is mandatory;

      e.    Referring to the automatic, mandatory charge added to customers' checks as a service charge in one place on either a menu or check, while also referring to the same charge as a gratuity in another place on either a menu or check, causing confusion as to the nature of the automatic, mandatory charge; and

      f.    Placing a line item for a service charge on a customer's check, while also deceptively including a line below the total allowing a customer to add a "Tip," causing confusion as to the nature of the automatic, mandatory charge.

**B.**    **Factual Allegations Regarding Plaintiff's Experience at Cadillac Hotel & Beach Club**

32.    On October 8, 2020, Laura Marie Germak ("Plaintiff" or "Representative Plaintiff") dined at the Donna Mare restaurant at the Cadillac Hotel & Beach Club, located in Miami, Miami-Dade County, Florida.

33.    The restaurant displayed a QR code at Plaintiff's table that brought up an electronic version of the restaurants' menu on her smartphone by using the device's camera.

34.    Plaintiff ordered food and drink items from the menu presented to her.

35.    When she was done eating, Plaintiff was presented with a restaurant bill ("the check").

36.    An automatic, mandatory service charge of 20% was included with the charges for food and beverage on the check, under the subtotal for the meal items, listed as "SERVICE."

37.    In addition to the charge on Plaintiff's check listed as a "SERVICE," the check

included a line for a customer to add an "Additional Gratuity."

38.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

39.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

40.     Plaintiff paid for this meal with a credit card, receiving a credit card signature slip that included a line for "Tip." Plaintiff left a tip in the space provided and paid the check in full.

41.     On October 9, 2020, Plaintiff dined at the Donna Mare restaurant, again ordering food and drink items from the menu that was presented to her.

42.     When Plaintiff was presented with a check at the end of her meal, there was an automatic, mandatory 20% service charge added to the total, listed under the subtotal as "SERVICE" and again listing a line at the bottom of the check for a customer to leave an "Additional Gratuity."

43.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

44.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

45.     Plaintiff paid for this meal with a credit card, receiving a credit card signature slip that included a line for "Tip." Plaintiff left a tip in the space provided and paid the check in full.

46.     On October 10, 2020, Plaintiff dined at the Donna Mare restaurant, again ordering food and drink items from the menu that was presented to her.

47.     When Plaintiff was presented with a check at the end of her meal, there was an automatic, mandatory 20% service charge added to the total, listed under the subtotal as

"SERVICE" and again listing a line at the bottom of the check for a customer to leave an "Additional Gratuity."

48.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

49.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

50.     Plaintiff paid for this meal with a credit card, receiving a credit card signature slip that included a line for "Tip." Plaintiff left a tip in the space provided and paid the check in full.

51.     At no point did Plaintiff see a sign located within the restaurant premises, nor anywhere else within the Cadillac Hotel & Beach Club, notifying customers that an automatic, mandatory service charge or gratuity would be added to customer checks.

52.     The improper activities and conduct alleged herein is continuing and will be repeated in the future.

53.     Plaintiff faces an actual and imminent threat of future injury because Defendants' improper conduct continues, and she is unable to rely on Defendants' compliance with applicable law in the future. If Defendants conformed their conduct to comply with Florida law, Plaintiff would consider purchasing food and/or beverages from Defendants' restaurants in the future.

54.     The acts alleged against Defendants that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of Defendants' businesses.

## V.   <u>CLASS ACTION ALLEGATIONS</u>

55.     The Representative Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a public food service establishment at a Marriott hotel in Florida during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity or service charge.

56.     Excluded from the Class are Defendants and their officers, directors, agents, employees, counsel and their subsidiaries and affiliates; customers who dined at a Ritz-Carlton branded Marriott hotel; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

57.     The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is known only to Defendants, Plaintiff avers, upon information and belief, that Defendant served and charged hundreds of thousands of customers during the class period.

58.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  The common questions include whether:

a.     Defendants engaged in the conduct alleged herein;

b.     Defendants decided to or agreed to add a hidden automatic gratuity or service charge to restaurant and bar bills;

c.     Defendants violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

d.     Defendants used unfair methods of competition, unconscionable acts or

11

practices, and unfair or deceptive acts or practices in the conduct of their hotel businesses;

      e.    Defendants made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

      f.    Defendants' conduct violates consumer protection statutes, trade practices statutes as asserted herein;

      g.    Defendants' conduct was part of a pattern or practice;

      h.    Plaintiff and Class Members overpaid for their food and beverages at Defendants' hotels and, if so, by how much;

      i.    Plaintiff and Class Members could reasonably have avoided the injury and harm;

      j.    Plaintiff and Class Members are entitled to equitable relief, including, but not limited to, declarative and injunctive relief and restitution; and

      k.    Plaintiff and Class Members are entitled to actual damages and other monetary relief.

59.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

60.    The Representative Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims. Neither Representative Plaintiff nor her counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

61.    This action should be maintained as a class action because the prosecution of

separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

62.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

63.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is slight because of the sheer number of claims against the Defendants and complexity of the matter.

64.     Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class Members may be obtained from Defendants' records.

## VI.     CAUSES OF ACTION

### COUNT I
### Violations of the Florida Unfair and Deceptive Trade Practices Act

65.     The allegations in this Count are asserted against Defendant Marriott International, Inc., for all of the approximately 483 hotel properties in the State of Florida it owns, operates, manages, franchises and/or controls that are food service establishments or contain food service establishments, including the Cadillac Hotel & Beach Club.

66.     The allegations in this Count are asserted against Defendants HHLP Miami Beach

Associates, LLC, HHLP Miami Beach Lessee, LLC, and 3921 Collins Avenue LLC, for the Cadillac Hotel & Beach Club.

67.    Defendants each, individually, own, operate, manage, franchise and/or control public food service establishments located in their hotels under Fla. Stat. § 509.214.

68.    Defendants conduct trade or commerce under Fla. Stat. § 501.202(2).

69.    Defendants' restaurants include an automatic, mandatory gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service establishments in their hotels.

70.    Defendants violated Florida law by failing to include on the restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

71.    Defendants either provide no notice, whatsoever, that an automatic, mandatory service charge or gratuity will be added to customers' checks, or they include notice in a manner and form that is deceptive and inadequate to inform customers that such charges will be added to their checks.

72.    Defendants' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

73.    Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

74.    Defendants violated Florida law by engaging in the following conduct:

   a.  unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure to customers including Plaintiff and the Plaintiff class;

   b.  unfair, deceptive and/or unconscionable practices in the conduct of trade or

commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

c.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure because the notice provided is only found on one page of a multi-page menu;

d.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by charging automatic, mandatory gratuities or service charges without adequate notice, and including a line below the check's total allowing a customer to add a "Tip" or "Additional Gratuity" causing confusion about the nature of the automatic charge;

e.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by referring to the automatic, mandatory charge added to customers' checks as both a service charge and a gratuity, causing confusion about the nature of the automatic charge;

f.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by suggesting that the automatic charge added to a customer's check is for the customer's convenience and/or otherwise suggesting that the gratuity or service charge can be raised, lowered or removed from the check, however, when the check arrives, the automatically applied gratuity or service charge is mandatory;

g.   falsely representing that higher charges for food and beverages were part of the cost of the food and/or beverages ordered by Plaintiff and the Plaintiff class;

h.   failing to disclose the automatic gratuities or service charges;

i.   failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

j.   otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

75.   Injury, loss and damages were likely as a result of the failure to adequately disclose the automatic, mandatory gratuities or service charges.

76.   Defendants' acts and practices described above were done with intentional and/or negligent disregard for Plaintiffs' rights under the law and with the purpose of taking more money from Plaintiff and Class Members than the fair market value reflected in the menu price for food and beverages.

77.     Upon information and belief, these acts and omissions are part of a pattern of corporate practices and procedures occurring at Defendants' hotels throughout the State of Florida.

78.     Defendants were engaged in the unconscionable, unfair, and deceptive acts set forth in this Complaint in the conduct of trade or commerce.

79.     The information related to automatic, mandatory gratuities or service charges Defendants withheld and failed to disclose on their menus was material.

80.     Defendants' acts and practices described are objectively likely to mislead customers like Plaintiff and Class Members acting reasonably in the same circumstances.

81.     Defendants' conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

82.     As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below.

## COUNT II
### *Per Se* Violations of Fla. Stat. 509.214 and
### Miami-Dade County Ordinance, Sec. 8A-110.1(1)

83.     The allegations in this Count are asserted against Defendant Marriott International, Inc., for all of the approximately 483 hotel properties in the State of Florida it owns, operates, manages, franchises and/or controls that are food service establishments or contain food service establishments, including 85 hotels located in Miami-Dade County which includes the Cadillac Hotel & Beach Club.

84.     The allegations in this Count are asserted against Defendants HHLP Miami Beach Associates, LLC, HHLP Miami Beach Lessee, LLC, and 3921 Collins Avenue LLC, for the Cadillac Hotel & Beach Club.

85.     Defendants own, operate, manage, franchise and/or control public food service establishments located in its hotels under Fla. Stat.  509.214.

86.     Defendants' restaurants include an automatic, mandatory gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service establishments in their hotels.

87.     Defendants violated Florida law by failing to include on certain restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

88.     Defendants' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

89.     Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

90.     Defendants own, operate, manage, franchise and/or control businesses located in Miami-Dade County, as defined under Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1).

91.     Defendants violate the Miami-Dade County Code of Ordinances by failing to provide notice of automatic, mandatory service charges or gratuities applied to customers' bills, conspicuously posted on a sign or in a statement on the restaurants' menus, in the same form and manner as the other items on the menus, written in a legible manner in English, Spanish and Creole.

92.     Where Defendants do provide notice that an automatic, mandatory service charge or gratuity will be applied to customers' bills, such notice is written only in English, in small, difficult to read, often italicized type that is smaller than the type used to list the other items on the

menus.

93.     Defendants' acts and omissions for those restaurants located in Miami-Dade County constitute violations of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1), Ord. No. 99-163.

94.     Miami-Dade County Ord. No. 99-163 is a rule or regulation related to trade or commerce that requires disclosure of certain automatic charges that a customer must pay.

95.     FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce.

96.     As a result, Defendants' systemic failure to provide notice of the inclusion of automatic, mandatory gratuities or service charges to customers' checks in the statutorily prescribed manner constitutes *per se* violations of FDUTPA.

97.     As a direct and proximate result of Defendants' *per se* violations of FDUTPA, Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below.

## COUNT III
## Declaratory Judgment

98.     The allegations in this Count are asserted against Defendant Marriott International, Inc., for all of the approximately 483 hotel properties in the State of Florida it owns, operates, manages, franchises and/or controls that are food service establishments or contain food service establishments, including the Cadillac Hotel & Beach Club.

99.     The allegations in this Count are asserted against Defendants HHLP Miami Beach Associates, LLC, HHLP Miami Beach Lessee, LLC, and 3921 Collins Avenue LLC, for the Cadillac Hotel & Beach Club.

100.    FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part

may bring an action to obtain declaratory judgment that an act or practice violates this part."

101.    Defendants' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to a judgment declaring Defendants' conduct to be in violation of Florida law as alleged.

## COUNT IV
## Injunctive Relief

102.    The allegations in this Count are asserted against Defendant Marriott International, Inc., for all of the approximately 483 hotel properties in the State of Florida it owns, operates, manages, franchises and/or controls that are food service establishments or contain food service establishments, including the Cadillac Hotel & Beach Club.

103.    The allegations in this Count are asserted against Defendants HHLP Miami Beach Associates, LLC, HHLP Miami Beach Lessee, LLC, and 3921 Collins Avenue LLC, for the Cadillac Hotel & Beach Club.

104.    FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action . . . to enjoin a person who has violated, is violating, or is otherwise likely to violate this part."

105.    Defendants' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to injunctive relief directing Defendants to discontinue the unlawful acts and practices alleged by conspicuously placing notice on the menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or alternatively, to no longer add automatic gratuities or service charges to customers' bills.

## VII.   DEMAND FOR JURY TRIAL

106.    Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendants with the entry of an order:

A.      certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

B.      entering a judgment declaring that Defendants' acts and omissions as described above are in violation of Florida law as alleged;

C.      an injunction directing Defendants to discontinue the unlawful acts and practices by conspicuously placing notice on menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or, alternatively, to no longer add automatic gratuities or service charges to customers' bills;

D.      awarding actual damages;

E.      awarding reasonable attorneys' fees, costs and prejudgment and post-judgment interest pursuant to law; and

F.      granting such other and further relief as may be just and proper.


Dated: November 3, 2020

Respectfully submitted,

**LAURA MARIE GERMAK**

By:   _*s/ David M. Marco*_
Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS & MAILMAN, P.C.**
John Soumilas (*pro hac vice forthcoming*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jsoumilas@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Edward A. Coleman (*pro hac vice forthcoming*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
ecoleman@lewissaul.com

*Attorneys for Plaintiff and the Class*